**CLEVELAND BROWNS FOOTBALL COMPANY, LLC, and National Football League Properties, Inc., Plaintiffs–Appellants,**

v.

**HAWAII–PACIFIC APPAREL GROUP, INC., Defendant–Appellee.**

No. 02–3559.

United States Court of Appeals, Sixth Circuit.

Feb. 2, 2004.

Joseph C. Weinstein, Philip Oliss, Squire, Sanders & Dempsey, Cleveland, OH, Robert L. Raskopf, Marc E. Ackerman, Jennifer Johnson Millones, White & Case, New York, NY, for Plaintiff–Appellant.

Christine Karol Roberts, Law Office of Christine Karol Roberts, Newport Beach, CA, Rosemary G. Gold, Pepper Pike, OH, for Defendant–Appellee.

Before MERRITT, DAUGHTREY, and GIBBONS, Circuit Judges.

PER CURIAM.

The plaintiffs, the Ohio-based Cleveland Browns Football Co. and the National Football League Properties, Inc., appeal the dismissal, under Fed.R.Civ.P. 12(B)(2), of their trademark infringement action against the Hawaii–Pacific Apparel Group, Inc. The district court's order was based on lack of personal jurisdiction over the defendant, a Hawaii corporation with its principal place of business in California. Specifically, the dispute involved the trademark "Dawg Pound," which had been registered by the Cleveland Browns and which the defendant had used on some of the clothing that it manufactured and sold to such national retailers as K–Mart, Wal–Mart, and Sears. Although the national chains sold the defendant's products in Ohio, the record showed that Hawaii–Pacific did not ship goods directly into Ohio, had no contracts with Ohio companies, and had no control over distribution of the goods after delivery to the retail sellers. The plaintiffs nevertheless asserted that the defendant's sale of goods to major retailers, who then sold them in Ohio, constituted a sufficient basis on which to exercise personal jurisdiction over the defendant.

In ruling on the defendant's 12(B)(2) motion, the district judge correctly analyzed the facts under Ohio's long-arm statute and, having determined that the plaintiffs had failed to establish jurisdiction under Ohio Rev.Code § 2307.382, found it unnecessary to address the constitutional due process questions raised by a challenge of this nature. Reviewing the court's determination *de novo*, we find no error. The plaintiffs complain on appeal that the district court ruled prematurely, without permitting sufficient discovery or holding an evidentiary hearing. However, under *Serras v. First Tenn. Bank Nat'l. Assoc.*, 875 F.2d 1212, 1213–14 (6th Cir. 1989), a district court has discretion to decide a 12(B)(2) motion on affidavits alone, to permit discovery in aid of a ruling, or to conduct an evidentiary hearing to resolve any apparent factual questions. And although the decision to follow one method rather than another may affect the burden of proof that the plaintiff bears to establish jurisdiction, as suggested by *Serras*, 875 F.2d at 1214, we conclude that in this case, the record on *de novo* review fails to establish personal jurisdiction even if the applicable standard requires the plaintiffs to make only a *prima facie* showing.

870

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the complaint. Because the reasons why judgment should be entered for the defendant have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its opinions and orders filed on January 29, 2001, September 28, 2001, and April 18, 2002.